## GREEN CAUDLE v. THE STATE.
### No. 1025.    Decided December 12.

**Assault with Intent to Rape—Evidence of Prosecutrix as to Particulars Inadmissible.**—On a trial for assault with intent to rape, while the recent complaint, state, and appearance, marks of violence, and condition of the dress of the prosecutrix shortly after the alleged injury are admissible as original evidence, the statement of the particulars and details made by her of the injury, when not res gestæ, are not original evidence, and it is error to admit them as such. Following Pefferling v. The State, 40 Texas, 487.

APPEAL from the District Court of Erath. Tried below before Hon. J. B. STRAUGHAN.

This appeal is from a conviction for assault with intent to rape, the punishment being assessed at two years' imprisonment in the penitentiary.

It is unnecessary to state the case in detail, in view of its disposition by the opinion.

*Martin & George*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was indicted and convicted of assault with intent to rape Ora Kerr, a girl under 12 years of age.

The State was permitted to prove, over the objection of defendant, by James Kerr, the father of the assaulted girl, that shortly after the alleged injury she told him, "that a man had caught her around the neck and said to her, 'I want to —— you' [using a term which meant to have intercourse with her], and that she hallooed, and the man let her go, and she then came home."

These are practically all the details of the assault, as shown by her testimony in the statement of facts. It was held in Pefferling's case, 40 Texas, 487, that while recent complaint by the person injured, her state and appearance, marks of violence, and condition of her dress, shortly after the alleged injury, may be proven as original evidence, the particulars of the complaint, the details of the alleged injury, can not be admitted as original evidence; they are only admissible for the purpose, in rebuttal, of supporting the veracity of the prosecuting witness. Such has been the law ever since. The testimony was not admissible as res gestæ. The girl had, when first reaching home, complained and told her father of the circumstance of the assault; the father had gone over to a neighbor's, and returning in about three-quarters of an hour, was told by his daughter the details of the assault, as above set out. The girl had remained at the house, and had been talking to her mother and several other persons.

The admission of this testimony was error, was excepted to at the time, and works a reversal of the judgment of conviction. The other questions need not be passed upon; they will not likely arise again.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.